# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| Makiyah S. Hall, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division: |
| Hyundai Motor America, Corp., | ) |
| | ) |
| Sheriff Serve Registered Agent: | ) |
|     CSC-Lawyers Incorp. Srv. Co. | ) |
|     221 Bolivar Street | ) |
|     Jefferson City, MO 65101 | ) |
| | ) |
|     Defendant. | ) |

### PETITION

COMES NOW Plaintiff, Makiyah S. Hall, by and through her attorneys, Mitchell B. Stoddard and Consumer Law Advocates, and for her Petition against Defendant, Hyundai Motor America, Inc. states to this honorable Court as follows:

#### ALLEGATIONS COMMON AS TO ALL COUNTS

1. Plaintiff, Makiyah S. Hall, is a natural person, an adult citizen of the State of Missouri, and a resident of Jackson County, Missouri.

2. Defendant, Hyundai Motor America, Inc., (hereinafter "Hyundai"), is a California corporation in good standing, engaged in the business of manufacturing, distributing and selling (directly and indirectly) motor vehicles for sale to consumers throughout the United States and the rest of the world.

3. Hyundai, through its various dealerships, routinely sells motor vehicles in Missouri to Missouri consumers and businesses, thereby subjecting itself to the jurisdiction of Missouri courts.

4. On 2/5/2022, Plaintiff purchased a 2018 Hyundai Elantra, VIN 5NPD84LF7JH361862 (hereinafter "the Elantra"), from McCarthy Hyundai for $21,991.50.

5. Plaintiff made a $1,200.00 down payment on the Elantra and financed the balance through Capital One Auto Finance, Inc.

6. The Elantra was manufactured by Hyundai.

7. At all relevant times herein, Hyundai was required to comply with the Federal Motor Vehicle Safety Standards (hereinafter the "FMVSS") enacted by the National Highway Traffic Safety Administration (hereinafter the "NHTSA").

8. According to 49 CFR § 571.114, FMVSS No. 114, S5.1.1:

> Each vehicle [subject to this standard] must have a starting system which, whenever the key is removed from the starting system prevents:
>
> (a) The normal activation of the vehicle's engine or motor; and
>
> (b) Either steering, or forward self-mobility, of the vehicle, or both.

9. At all relevant times herein, the Elantra was subject to FMVSS No. 114, S5.1.1 pursuant to 49 CFR § 571.114, S3.

10. At the time of its manufacture, the Elantra did not have a starting system which prevented the normal activation of its engine or motor whenever the key was removed, in violation of FMVSS No. 114, S5.1.1(a).

11. Further at the time of its manufacture, the Elantra did not have a starting system which, once the key was removed, prevented either steering or forward self-mobility of the Elantra (or both), in violation of FMVSS No. 114, S5.1.1(b).

12. By violating FMVSS No. 114, S5.1.1(a) and (b), Hyundai was able to reduce its operating expenses and generate greater profits from the sale of the Elantra and other similar vehicles that it manufactures.

13. On or about 7/31/2023, the Elantra was stolen while parked in front of a friend's house, after thieves broke into it and were successfully able to start it as a direct result of Hyundai's failure to conform the Elantra to the safety standard required by FMVSS No. 114, S5.1.1(a) and (b).

14. The theft would not have occurred if the Elantra had been manufactured in compliance with FMVSS No. 114, S5.1.1(a) and (b).

15. Plaintiff immediately reported the theft to the police, and the Elantra was recovered later that same evening.

16. Upon recovery, it was evident that the Elantra's steering column cover had been torn off and a device had been inserted into the ignition which made it possible for the thief to start the Elantra without a key. (A photograph of the damaged steering column is attached hereto and incorporated by reference as though fully set forth herein as Exhibit 1).

17. The thieves also smashed Plaintiff's driver's side rear window, presumably so they could gain entry to the Elantra.

18. Plaintiff submitted a claim to her insurance company and it was accepted; however, Plaintiff had to pay a $1,000.00 deductible toward the repair costs.

19. As a result of Plaintiff's insurance claim, Plaintiff's insurance company raised her premium.

20. Plaintiff subsequently retained counsel in order to seek compensation for Hyundai's failure to disclose these known defects with the Elantra.

### COUNT I – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

For Count I of her Petition, Plaintiff states to this honorable Court as follows:

21. Plaintiff realleges the allegations of paragraphs 1 through 20 as though fully set forth herein.

22. Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

23. Plaintiff purchased the Elantra primarily for personal, family or household purposes, and not for a business purpose.

24. Plaintiff acted as a reasonable consumer would act in light of all the circumstances.

25. Hyundai used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the sale of the Elantra in one or more of the following respects:

   a. Hyundai knew or, upon reasonable inspection, should have known that the Elantra was easily susceptible to theft because it lacked an immobilizer and/or failed to comply with FMVSS 114, S5.1.1(a) and (b), yet Hyundai failed to disclose these defects to any of its dealerships or upstream sellers, and/or failed to make the information readily accessible to the public (including potential downstream purchasers like Plaintiff), thereby concealing, suppressing or omitting a material fact in contravention of 15 CSR 60-9.110, which conduct would have misled a reasonable consumer;

   a. Hyundai failed to comply with FMVSS 114, S5.1.1(a) and (b) when it manufactured the Elantra in order to reduce its costs and increase its profits at the expense of consumers' safety and security, without

4

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 02:04 PM

> disclosing that such vehicles were significantly more susceptible to theft than vehicles that did comply, which conduct constitutes "deception," "fraud," "unfair practice," and/or "illegal conduct" in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040, 15 CSR 60-8.020 and 15 CSR 60-8.090, and which conduct would have misled a reasonable consumer.

26. Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Elantra, as described in paragraph 25(a-b) above, would cause a reasonable person to enter into the same transaction.

27. Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Elantra was willful, wanton and malicious, and was done with evil motive or reckless indifference to the rights of Plaintiff.

28. Hyundai's actions constitute a pattern and practice of deceptive conduct.

29. As a result of Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or of Hyundai's concealment, suppression, or omission of a material fact in connection with the sale of the Elantra, Plaintiff suffered an ascertainable loss of money or property in that Plaintiff paid more for the Elantra than s/he otherwise would have paid if Hyundai had disclosed its violation of FMVSS 114, S5.1.1(a) and (b).

30. Plaintiff, as the owner of the Elantra, is deemed competent by Missouri law to testify as an expert as to the value of the Elantra, and Plaintiff will provide an opinion at such time as appropriate. *Wigley v. Capital Bank*, 887 S.W.2d 715, 722 (Mo.App. S.D. 1994).

31. Further as a result of Hyundai's violation of the MMPA, Plaintiff suffered humiliation, embarrassment, inconvenience, stress, anxiety, loss of use, loss of work, and garden variety emotional distress.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages in an amount that is fair and reasonable, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT II – FRAUDULENT OMISSION

For Count II of her Petition, Plaintiff states to this honorable Court as follows:

32. Plaintiff realleges the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. Hyundai had a duty to disclose to downstream purchasers (including Plaintiff) all material information about the Hyundai which it either knew or should have known.

34. At the time Plaintiff purchased the Elantra, the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

35. Hyundai breached its duty by failing to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

36. Hyundai's failure to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was a non-disclosure of a material fact.

37. Hyundai's failure to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was material to Plaintiff's decision to purchase the Elantra.

6

38. Hyundai had superior information about the Elantra that was not reasonably available to downstream purchasers, including Plaintiff.

39. Plaintiff used reasonable care in his/her decision to purchase the Elantra.

40. Hyundai's failure to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was motivated by malice, and exhibited an evil motive or reckless indifference to the rights of Plaintiff.

41. As a direct and proximate result of Hyundai's failure to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b), Plaintiff sustained damage.

**WHEREFORE**, Plaintiff pray(s) this honorable Court to enter a judgment against Hyundai awarding actual damages in an amount that is fair and reasonable, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT III – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

For Count III of her Petition, Plaintiff states to this honorable Court as follows:

42. Plaintiff realleges the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. 15 U.S.C. § 2301 et seq. (Magnuson-Moss Warranty Act, hereinafter "the Act"), permits a consumer who is damaged by the failure of a supplier, warrantor or service contractor to comply with any obligation under the Act, or under a written warranty, implied warranty, or service contract to bring a civil action for damages.

44. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 2301(3).

45. The Elantra is a "consumer product" pursuant to 15 U.S.C. § 2301(1).

46. Hyundai is a "supplier" and a "warrantor" pursuant to 15 U.S.C. § 2301(4) and (5).

7

47. The implied warranty of merchantability and the implied warranty of fitness for a particular purpose are "implied warranties" under Missouri law pursuant to 15 U.S.C. § 2301(7).

48. Hyundai is a "merchant" pursuant to § 400.2-104(1) RSMo with respect to the sale of automobiles.

49. Section § 400.2-314 RSMo creates an implied warranty of merchantability in favor of Plaintiff with respect to Hyundai's sale of the Elantra.

50. Section § 400.2-315 RSMo creates an implied warranty of fitness for a particular purpose in favor of Plaintiff with respect to Hyundai's sale of the Elantra.

51. Hyundai violated § 400.2-314(2) RSMo because the Elantra:

   a) did not pass without objection in the trade under the contract description; and

   b) was not fit for one or more of the ordinary purposes for which automobiles are used.

52. Hyundai violated § 400.2-315 RSMo because the Elantra was not fit for the purpose of providing safe and reliable transportation given the ease with which it could be stolen.

53. Hyundai breached the implied warranty of merchantability and implied warranty of fitness for a particular purpose by failing to manufacture the Elantra so as to conform it to the requirements established by FMVSS 114, S5.1.1(a) and (b).

54. As a result of Hyundai's breach of the implied warranty of merchantability and fitness for a particular purpose, Hyundai further violated the Act itself.

55.     Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff may recover actual damages, costs, expenses and reasonable attorney's fees as a result of Hyundai's breach of the implied warranty of merchantability, implied warranty of fitness for a particular purpose, and violation of the Act.

**WHEREFORE**, Plaintiff pray(s) this honorable Court to enter a judgment against Hyundai awarding actual damages, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

/s/ Mitchell B. Stoddard
Mitchell B. Stoddard, #38311
Consumer Law Advocates
1415 Elbridge Payne Road, Suite 275
Chesterfield, Missouri 63017
(314) 692-2001
mitch.stoddard@clalaw.com

Attorneys for Plaintiff

**Rule 55.03(a) Certification**

The undersigned certifies that they affixed their electronic signature to the original copy of this pleading.

/s/ Mitchell B. Stoddard